UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-60639-CV-COHN/SELTZER

DOLORES MILLETTE,

    Plaintiff,

vs.

DEK TECHNOLOGIES, INC., et al.,

    Defendants.
_____/

and

NORTH POINTE CASUALTY
INSURANCE COMPANY,

    Garnishee.
_____/

### ORDER GRANTING GARNISHEE NORTH POINTE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Garnishee, North Pointe Casualty Insurance Company's Motion for Summary Judgment [DE 300].  The Court has carefully reviewed all of the parties' submissions and is fully advised in the premises.

### I. BACKGROUND

Plaintiff Dolores Millette ("Millette") hired Defendant DEK Technologies, Inc. ("DEK") to purchase a lot for her in North Port, Florida and build her a modular home on that lot.  Thereafter, DEK allegedly diverted more than $230,000.00 from the project and left Millette with an incomplete and uninhabitable home.  Millette then sued, among others, DEK and DEK's operator, director, and principal, Pablo Camus.

On February 23, 2009, the Court entered a Consent Final Judgment wherein Millette settled with DEK for $400,000.  See DE 157.  Because this judgment remains unsatisfied, Millette commenced collection efforts, including garnishment of DEK's assets.  Accordingly, on June 19, 2009, the Clerk of Court issued a Writ of Garnishment ("Writ") directing North Pointe Casualty Insurance Company ("Garnishee") to answer whether it is indebted to, or has tangible or intangible personal property of, DEK in its possession or control.  DE 185.

Garnishee insures not DEK, but Nadeau General Contractors, Inc d/b/a South Florida Glass Block ("Nadeau").[1]  Specifically, Garnishee issued a commercial general liability and commercial property insurance policy to South Florida Glass Block Corp. ("the Policy").  On August 10, 2009, Garnishee answered the Writ, declaring that "[t]here is no insurance coverage under the policy issued by North Pointe to Nadeau General Contractors d/b/a South Florida Glass Block for the damages awarded against DEK Technologies in the consent judgment."  DE 248 at 1-2.  Thereafter, on August 17, 2009, Plaintiff denied all allegations in Garnishee's answer and demanded strict proof thereof.  DE 259 at 2.  Garnishee now moves for summary judgment on the coverage issue.

---

[1] Nadeau General Contractors, Inc. is owned and operated by Mark Nadeau, a general contractor licensed in the State of Florida.  Approximately three years ago, Camus approached Nadeau and asked him if he would be willing to use his license to build homes for DEK on the west coast of Florida ("North Port").  Nadeau agreed.  Thereafter, DEK registered Nadeau as the builder of record with the bank that loaned Millette funds for the project.  Notwithstanding, DEK hired Defendant Steve Cummings to supervise the construction of Millette's home.  Because Steve Cummings was not a licensed contractor, Third-Party Defendant Todd Mitchell Smith pulled the construction permits for Millette's home.  It is undisputed that Nadeau performed no work on the project.

## II. DISCUSSION

### A. Legal Standards

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Because the duty of an insurer rests upon the legal effect of the provisions of an insurance contract, the interpretation of the contract is a matter of law for the Court to determine, and is therefore appropriate for summary judgment. Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Brown, 787 F. Supp. 1424, 1427 (S.D. Fla. 1991) (citing Gulf Tampa Drydock Co. v. Great Atl. Ins. Co., 757 F.2d 1172, 1174 (11th Cir. 1985)). "Summary judgment is appropriate in declaratory judgment actions seeking a declaration of coverage when the insurer's duty, if any, rests solely on the applicability of the insurance policy, the construction and effect of which is a matter of law." Northland Cas. Co. v. HBE Corp., 160 F. Supp. 2d 1348, 1358 (M.D. Fla. 2001) (citing Talat Enter., Inc. v. Aetna Life & Cas., 952 F. Supp. 773 (M.D. Fla. 1996)).

### B. Nadeau's Motion for Summary Judgment

If DEK is not an insured under the Policy, then Garnishee cannot possess DEK's property. Section II of the Policy provides who is an insured:

1.  If you are designated in the Declaration as:

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\* \* \*

2.  Each of the following is also an insured:

a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership,

4

>joint venture or limited liability company) or your managers . . ., but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.[2]

DE 310 at 27.  The Policy also includes an Automatic Additional Insured Endorsement.  Pursuant to this endorsement, the "Who Is An Insured" section of the Policy is amended to include the following: "Any entity you are required in a written contract (hereinafter called additional insured) to name as an insured, is an Additional Insured . . . ." Id. at 43.

Applying the facts in the record to the terms of the Policy, it becomes apparent that DEK is not an insured.  DEK is not an officer, director, or stockholder of Nadeau.  Furthermore, DEK did not act at the direction of or within the scope of duties determined by Nadeau.  Likewise, Nadeau did not participate in the construction of Plaintiff's home or in any way supervise DEK.  Lastly, Nadeau never executed a written contract with DEK.  Millette points to no language in the Policy that indicates DEK is an insured.

Millette contends, however, that the Policy provides "broad coverage available under the Products Completed Operations Hazard provisions." DE 337 at 2.  According to Millette, those provisions provide coverage "for DEK's actions performed on behalf of Nadeau and the resulting damage to Millette's property." Id. at 3.  Millette's contention, even if true, is irrelevant.

Nadeau's responsibility for DEK's actions, if any, has no bearing on the issue of

---

[2] The Policy defines "Volunteer worker" as "a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed by you." DE 310 at 33.

liability for payment of damages awarded in a consent judgment against DEK. Stated differently, even if the Policy insures Nadeau for DEK's actions – an issue the Court need not decide on Garnishee's motion for summary judgment – that does not mean the Policy insures DEK for DEK's actions. Because Millette has not, and cannot, show that DEK is an insured under the Policy, Garnishee has no property belonging to DEK.

### III. CONCLUSION

In light of the aforementioned, it is **ORDERED AND ADJUDGED** that Garnishee, North Pointe Casualty Insurance Company's Motion for Summary Judgment [DE 300] is **GRANTED**. The Writ of Garnishment issued to North Pointe Casualty Insurance Company is **DISSOLVED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of October, 2009.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.