UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-60639-CV-COHN/SELTZER

DOLORES MILLETTE,

    Plaintiff,

vs.

DEK TECHNOLOGIES, INC., et al.,

    Defendants.
_____/

**ORDER RE: APPLICABLE VERSION OF FLORIDA STATUTE § 768.81**

**THIS CAUSE** is before the Court *sua sponte*.

The applicability of Florida's Comparative Fault Statute, section 768.81, Florida Statutes, is before the Court.  Specifically, Defendant Nadeau General Contractors, Inc. seeks to invoke the statute so that a jury may apportion fault, if any, amongst all negligent parties and non-parties.  The Court must therefore determine which version of the comparative fault statute applies.  Florida law provides that the "applicable version [of Florida's comparative fault statute] is that which was in effect when the cause of action arose."  D'Angelo v. Fitzmaurice, 863 So. 2d 311, 314 n. 9 (Fla. 2003).

Thus, the Court must ascertain when Plaintiff's cause of action arose.  Florida case law does not provide direction as to when a cause of action arises for purposes of determining which version of Florida's comparative fault statute applies to a given case. Generally, however, a cause of action arises when the last element constituting the cause of action occurs.  See, e.g., City of Riviera Beach v. Reed, 987 So. 2d 168, 170 (Fla. Dist. Ct. App. 2008) ("A cause of action accrues when the last element constituting

the cause of action occurs.") (quoting Florida Statutes, § 95.031(1)); BDI Const. Co. v. Hartford Fire Ins. Co., 995 So. 2d 576, 578 (Fla. Dist. Ct. App. 2008) ("The general rule is that in a suit for breach of contract, the action accrues when the last element giving rise to the cause of action takes place.").

Here, Plaintiff alleges that Nadeau General Contractors, Inc. was negligent. In a negligence action, "the plaintiff has the burden to prove duty, breach of the standard of care, proximate cause, and damages." Ceballos v. Rideout, __ So. 3d __, 2009 WL 2871592, at *2 (Fla. Dist. Ct. App. Sept. 9, 2009). "Since damages are an essential element of a cause of action for negligence, and since a cause of action for statute of limitation purposes does not accrue until the last element constituting the cause of action occurs, the issue of when legally cognizable damages occurred is dispositive of this case." Kellermeyer v. Miller, 427 So. 2d 343, 345 (Fla. Dist. Ct. App. 1983). Although Kellermeyer addressed when a cause of action accrues for statute of limitations purposes, rather than to determine which version of Florida's comparative fault statute applies to a given action, the Court finds the reasoning in Kellermeyer persuasive. The Court, therefore, will apply the comparative fault statute in effect at the time that Plaintiff suffered cognizable damages.

Plaintiff contracted to purchase a lot and have a house built on that lot. See DE 135-2 ("Construction Agreement"). Plaintiff's damages in this case, if any, arise because she did not get the house she bargained for. See, e.g., Second Amended Complaint, DE 135 ¶ 60 ("Millette has been damaged as the property is not completed."). Stated differently, if Plaintiff had received the house she bargained for in

a timely fashion, Plaintiff would not have damages.

Plaintiff closed on the property at issue in this case on September 29, 2005.  In conjunction with the closing, the bank that issued the purchase and construction loan to Plaintiff required a "Building Permit Affidavit."  See DE 282, Attach. 6 at 23.  The Building Permit Affidavit states that Plaintiff had thirty (30) days from September 29, 2005 to obtain a building permit for her residence.  Id.  Furthermore, Paragraph 7 of Plaintiff's Construction Agreement is labeled "COMPLETION OF HOME."  DE 135-2 at 3.  That paragraph states in pertinent part the following:

> Builder neither implies nor guarantees a firm date of completion on a date on which Buyer can expect to occupy the home.  Builder will make every reasonable and diligent effort to meet a reasonable construction schedule with delivery estimated to be approximately 180 days from the issuance of a building permit by the appropriate governmental authorities.

Id.  Based on the terms in Plaintiff's contracts, the Court finds that Plaintiff could not have reasonably expected to receive her completed home any sooner than two hundred ten (210) days from September 29, 2005 (i.e., thirty days to obtain the permit plus one hundred eighty days to build the house).  Because Plaintiff could not have reasonably expected to receive her home any sooner than two hundred ten days after September 29, 2005, her damages could not have accrued before that time.  In other words, Plaintiff could not have brought her claim sooner than April 27, 2006.

The current version of Florida's comparative fault statute became effective on April, 26, 2006.  Consequently, the current version of the statute was in effect when Plaintiff's cause of action accrued.

Accordingly, it is **ORDERED AND ADJUDGED** that the current version of

Florida's Comparative Fault Statute, section 768.81, Florida Statutes, effective April 26, 2006, applies in this case. The Court will determine, based upon the evidence adduced at trial, which parties and non-parties should be placed on the verdict form for comparative fault purposes.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of October, 2009.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel or record.