UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-60639-CV-COHN/SELTZER

DOLORES MILLETTE,

    Plaintiff,

vs.

DEK TECHNOLOGIES, INC., et al.,

    Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL RE: DEFENDANT TARNOVE AND DENYING AS MOOT DEFENDANT TARNOVE'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR NEW TRIAL

**THIS CAUSE** is before the Court on Plaintiff Dolores Millette's Motion for New Trial Regarding Defendant Billie Tarnove [DE 494] ("Motion for New Trial"). The Court has carefully reviewed the Motion for New Trial, Defendant, Tarnove's Response to Plaintiff's Motion for New Trial [DE 501] ("Response"), Plaintiff Dolores Millette's Reply Memorandum in Support of Plaintiff's Motion for New Trial Regarding Billie Tarnove [DE 517] ("Reply"), and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiff Dolores Millette ("Millette") hired Defendant DEK Technologies, Inc. ("DEK") to purchase a lot for her in North Port, Florida and build her a modular home on that lot ("the North Port Lot"). To further that end, DEK helped Millette obtain a loan from Webster Bank to finance the project ("the Construction Loan"). Thereafter, DEK allegedly diverted more than $230,000.00 in Construction Loan disbursements and left Millette with an incomplete and uninhabitable home. Millette then sued, among others, Billie Tarnove.

Billie Tarnove ("Tarnove") is an attorney admitted to practice law in Florida. In the past, Tarnove represented DEK's principal, Pablo Camus, in real estate transactions and his personal bankruptcy. Tarnove also handled the closing ("Closing") on the North Port Lot. Millette alleged in her Complaint that Tarnove was negligent in her duties and that she breached a fiduciary duty that she owed to Millette.

The Court held a seven-day jury trial. On November 12, 2009, the Court granted Tarnove's Motion for Judgment as a Matter of Law under Rule 50 [DE 480]. Plaintiff now seeks a new trial "as to the Court's entry of judgment as a matter of law in favor of Tarnove based upon errors of law and fact." Motion for New Trial at 2.

## II. DISCUSSION

"A district court ruling on a motion for a new trial is generally reviewed under an abuse of discretion standard." Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984). "When ruling on a motion for a new trial, a trial judge must determine if in his opinion, the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Id. (internal citations and quotations omitted). "[T]o assure that the judge does not simply substitute his judgment for that of the jury, . . . new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence." Id. (quoting Conway v. Chem. Leaman Tank Lines, Inc., 610 F.2d 360, 363 (5th Cir. 1980)). Moreover, a motion for a new trial is left to the discretion of the trial court. Hercaire Int'l, Inc. v. Argentina, 821 F.2d 559, 562 (11th Cir. 1987). The Court will not grant a motion for a new trial "merely because the losing party can probably present a

better case on another trial." Hudson v. Chertoff, 473 F. Supp. 2d 1279, 1285 (S.D. Fla. 2007).

Millette asserts that the Court's judgment as a matter of law in favor of Tarnove was against the great weight of the evidence because the "Court disregarded evidence of Tarnove's breaches and ensuing harm." DE 494 at 6. Specifically, Millette asserts that the Court

> overlooked two important facts – (1) Millette testified that she would have elected not to proceed with the closing or loan at all had Tarnove reported truthfully that she had not obtained estoppel information from Mr. Dowling and could not assure title as of the closing date; and (2) as a result of Tarnove's decision to proceed with closing and disburse loan proceeds on Millette's loan, Millette was required to and did pay loan interest payments for thirteen months during which time Webster Bank did not have a first lien position and Millette did not have clear title.

Id. at 9. The Court has not overlooked these "facts."[1]

As to Millette's argument that she would have elected not to proceed with closing, the Court found, and continues to find, that Millette could cancel her contract only if there were title defects that could not be cured by the closing date. See DE 283 at 22. The Court further found that Millette did not prove the existence of a title defect that could not be cured by the closing date. Thus, Millette had no right to cancel the contract. Because Millette had no right to cancel the contract, Tarnove's mistakes, if any, did not cause Millette's damages.

As to Millette's second argument, the Court finds Millette sustained no damages as a result of Tarnove proceeding to closing and disbursing funds allegedly in

---

[1] Millette quotes no testimony and points to no transcripts to support these "facts."

derogation of Webster Bank's closing instructions. In other words, Millette would have had to "pay loan interest payments for thirteen months during which time Webster Bank did not have a first lien position" regardless of Webster Bank's lien position. Millette never proved that Tarnove's alleged violation of Webster Bank's closing instructions would have released Millette from her contractual obligations. Indeed, Millette's Motion for New Trial points to no evidence that suggests otherwise. Thus, Millette's argument necessarily assumes that Webster Bank would never be able to obtain a priority lien and the funds would never be disbursed. However, had Tarnove temporarily postponed disbursement of the funds until Webster Bank could obtain a priority lien on the property – a scenario that seems much more likely and a delay that could theoretically take no more than a few days, if not a few hours – Millette would still own the property and owe the bank the loan proceeds.

Millette, therefore, has not set forth facts or issues of law that indicate the verdict in this case was against the great weight of the evidence.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Dolores Millette's Motion for New Trial Regarding Defendant Billie Tarnove [DE 494] is **DENIED**.

2. Defendant Tarnove's Motion to Strike Plaintiff's Motion for New Trial Regarding Billie Tarnove [DE 499] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of February, 2010.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record.