UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60639-CIV-COHN/SELTZER

DOLORES MILLETTE,

    Plaintiff,

vs.

DEK TECHNOLOGIES, INC., et al.,

    Defendants.
_____/

## ORDER DENYING BILLIE TARNOVE'S RENEWED RULE 50 MOTION

**THIS CAUSE** is before the Court on Defendant Billie Tarnove's Renewed Rule 50 Motion [DE 649] ("Motion"). The Court has carefully reviewed the Motion, Plaintiff's Opposition [DE 659], Defendant Billie Tarnove's Reply [DE 662], the argument of counsel at the November 4, 2011 hearing, the record in the case, and is otherwise advised in the premises.

### I. BACKGROUND

During trial, Plaintiff Dolores Millette ("Plaintiff") alleged that her closing agent, Billie Tarnove ("Tarnove"), had breached a fiduciary duty owed to Plaintiff when she (1) failed to provide her with a title report and (2) altered the HUD-1 Settlement Statement ("HUD-1 Statement") without her consent. After the close of Plaintiff's case, the Court granted Tarnove's Rule 50(a) motion for judgment on Plaintiff's claim for breach of fiduciary duty. See DE 480. The Court granted Tarnove's Rule 50(a) motion on the grounds that Plaintiff had failed to establish damages on her breach of fiduciary duty claim. Plaintiff appealed this ruling to the Eleventh Circuit Court of Appeals. See

Amended Notice of Appeal [DE 568]. The Eleventh Circuit affirmed the Court's finding that Plaintiff had failed to establish damages on her breach of fiduciary duty claim related to Tarnove's failure to provide Plaintiff with a title report. Eleventh Circuit Mandate [DE 653] at 16. However, the Appellate Court found that Tarnove had established damages related to Tarnove's alteration of the HUD-1 Statement. Id. Specifically, the Eleventh Circuit found that a brokerage commission of $8,790 charged against Plaintiff's construction loan was damage she sustained. Id.

In its opinion remanding the case, the Eleventh Circuit stated that it was this court's job to determine whether Tarnove had breached her fiduciary duty by providing the altered HUD-1 Statement to Webster Bank. Id. at 16 n.7. Additionally, it found that "[w]e do not foreclose the possibility that TARNOVE may be entitled to judgment for a reason other than MILLETTE's failure to prove damages for this claim." Id.

Accordingly, Tarnove filed the instant Motion seeking judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. The Motion argues that Tarnove is entitled to judgment as a matter of law because (1) Plaintiff failed to produce evidence supporting any of the elements of the breach of fiduciary duty claim and (2) Plaintiff failed to raise an issue regarding an altered document when she plead her breach of fiduciary duty claim. Motion at 2.[1]

---

[1] Tarnove filed the Motion before the Eleventh Circuit's mandate had been docketed. Accordingly, Plaintiff filed a motion to strike the Motion [DE 650], arguing that this Court should strike Tarnove's Motion because (1) the Court was without jurisdiction to consider the Renewed Motion until the Eleventh Circuit issued a mandate, (2) the Motion was time barred by Federal Rule of Civil Procedure 50, and (3) the Motion improperly raised new grounds which Tarnove failed to raise at trial. After directing Tarnove to file an expedited response, the Court denied the motion to strike, finding that the Eleventh Circuit Mandate explicitly contemplated that Tarnove might file

## II. DISCUSSION

### A. Legal Standard

Rule 50 of the Federal Rules of Civil Procedure provides that:

(a) Judgment as a Matter of Law.

   (1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

   (2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury.  Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to judgment.

Fed. R. Civ. P. 50; see also Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs, 162 F.3d 653, 656 (11th Cir. 1998).

In evaluating a defendant's Rule 50 motion, the Court must consider all the evidence in the light most favorable to the plaintiff and grant the plaintiff the benefit of all reasonable inferences.  Bogle, 162 F.3d at 656 (citing Richardson v. Leeds Police Dep't, 71 F.3d 801, 805 (11th Cir. 1995)).  Judgment as a matter of law is appropriate only if the facts and inferences "point so overwhelmingly in favor of the movant . . . that reasonable people could not arrive at a contrary verdict." Id. (citing Richardson, 71 F.3d at 805).

---

a Rule 50 motion for reasons other than those granted at trial.  See DE 654.  Plaintiff renewed these procedural objections in her opposition to Tarnove's Motion.  Opposition at 2-3.  The Court rejects these arguments because the Eleventh Circuit Mandate contemplated reopening of Rule 50 argument.

To support a claim for breach of fiduciary duty under Florida law, a plaintiff must establish: 1) the existence of a fiduciary duty; 2) the breach of that duty; and 3) the breach is the proximate cause of the plaintiff's damages. Gracey v. Eaker, 837 So. 2d 348, 353 (Fla. 2002) (citations omitted).

The Florida Supreme Court has held that a closing agent owes a fiduciary duty to all of the principal parties involved in the closing. The Fla. Bar v. Joy, 679 So. 2d 1165, 1167 (Fla.1996). Absent an express agreement, the law implies from the circumstances that an escrow agent (or closing agent) undertakes a legal obligation (1) to know the provisions and conditions of the principal agreement concerning the escrowed property, and (2) to exercise reasonable skill and ordinary diligence in holding and delivering possession of the escrowed property (i.e., to disburse the escrowed funds) in strict accordance with the principals' agreement. The Fla. Bar v. Hines, 39 So. 3d 1196, 1200 (Fla. 2010). A closing agent has a duty to supervise the closing in a "reasonably prudent manner." Askew v. Allstate Title & Abstract Co., 603 So. 2d 29, 31 (Fla. Dist. Ct. App. 1992) (quoting Fla. S. Abstract & Title Co. v. Bjellos, 346 So. 2d 635, 636 (Fla. Dist. Ct. App. 1977)) (stating that a title insurance company acting as a closing agent has a duty to supervise a closing in a reasonably prudent manner).

Florida law holds that the fiduciary duty of dealing honestly and with good faith towards a principal is breached "where there is a showing of fraud, deceit or absence of good faith" on the part of the agent. Messer v. E.F. Hutton & Co., 833 F.2d 909, 920 (11th Cir.1987) (citing Florida cases), amended on reh'g on other grounds, 847 F.2d 673 (11th Cir.1988). Thus, a showing of mere negligence is not enough to demonstrate a breach of fiduciary duty. See generally, Maliner v. Wachovia Bank, N.A., No.

04-60237CIV, 2005 WL 670293, at *9 (S.D. Fla. Mar. 1, 2005) (noting that more than mere negligence was required to recover for breach of fiduciary duty); Berges v. Infinity Ins. Co., 896 So. 2d 665, 687 (Fla. 2004) (noting in an insurance context that breach of fiduciary duty requires demonstration of more than mere negligence).

**B. Plaintiff Sufficiently Plead Her Claims Related to the Altered HUD-1 Statement.**

In her Motion, Tarnove alleges that Plaintiff did not properly plead her breach of fiduciary duty claim regarding the altered HUD-1 Statement. Motion at 6. The Court disagrees. Paragraph 68 of the Second Amended Complaint states:

> Breach of Fiduciary Duty: TARNOVE breached her fiduciary duty to MILLETTE by, among other things, failing to safeguard MILLETTE's interest in clear title to the property and the construction loan proceeds. TARNOVE's breach includes proceeding to a closing on the sale of real property to MILLETTE where TARNOVE knew or should have known that DEK, the seller, did not have clear title, failing to notify MILLETTE of the title defects, **forwarding to WEBSTER BANK false and falsified loan documents**, disbursement of initial funds from escrow in the absence of a conveyance of clear title and contrary to the instructions of WEBSTER BANK, failing to issue MILLETTE an owner's title policy, and assisting DEK and CAMUS in fraudulently and falsely procuring and facilitating modification and extension agreements to the detriment of MILLETTE.

Second Amended Complaint ¶ 68 (emphasis added). The Second Amended Complaint's reference to "forwarding to WEBSTER BANK false and falsified loan documents" put Tarnove on notice of Plaintiff's claim regarding the altered HUD-1 Statement. Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need

5

only give the defendant fair notice of what the ... claim is and the grounds upon which it rests) (internal citations and quotations omitted).  Plaintiff's motion for judgment is denied on this grounds.

### C. Plaintiff Established that Tarnove Breached a Fiduciary Duty.

Tarnove further argues that Plaintiff failed to establish that she breached any duty owed to Plaintiff.  According to Tarnove, she completed her duties as Plaintiff's closing agent before Webster Bank requested that she prepare another draft closing statement.  Motion at 3.  Thus, Tarnove contends that she had no fiduciary duty to Millette when the altered HUD-1 Statement was prepared.  Tarnove also disputes that she breached any duty.  According to Tarnove, Millette's own expert testified that a signed document cannot be changed unless all parties sign off on the changes.  Motion at 4.  Tarnove contends that she had no knowledge of what Webster Bank did with the draft document after she prepared it.  Id.

Plaintiff disputes Tarnove's contention that her fiduciary duty to Plaintiff ended prior to Tarnove's preparation of the amended HUD-1 Statement.  Opposition at 4.  Plaintiff contends that Tarnove, as closing agent, still owed Plaintiff a fiduciary duty when she prepared the revised HUD-1 Statement.  Id.  Tarnove breached this fiduciary duty when she prepared the revised HUD-1 Statement for Webster Bank, another party to the closing,  without Plaintiff's knowledge or consent.  Id. At 4-5.  The Court agrees.

Viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Tarnove assumed a duty by preparing a revised HUD-1 Statement at Webster Bank's request and there is evidence that Tarnove breached that duty when she prepared the altered HUD-1

Statement and sent it to Webster Bank without first alerting Plaintiff or obtaining her consent.  Tarnove owed a fiduciary duty to all parties involved with the closing and Tarnove's duty to Plaintiff did not end merely because the closing documents had been processed.[2]  Furthermore, a reasonable jury could find that Tarnove breached this duty when she prepared the HUD-1 Statement without Plaintiff's knowledge or consent because Tarnove's action constituted "fraud, deceit or absence of good faith."  See Messer, 833 F.2d at 920.  Furthermore, to the extent a conflict arose between the interests of Webster Bank, the lender, and Plaintiff, the buyer, Tarnove should have withdrawn from the representation.  Askew, 603 So. 2d at 31.[3]  Thus, Tarnove's motion for judgment as a matter of law is denied on the grounds that Plaintiff failed to establish duty or breach.

### D. Plaintiff Established that Tarnove Proximately Caused Her Damages.

Tarnove also argues that she is entitled to judgment as a matter of law beause her preparation of the altered HUD-1 Statement was not the proximate cause of any damage to Plaintiff.  Motion at 5.  According to Tarnove, Plaintiff's alleged injury occurred when Webster Bank changed the construction hold back.  Id.  Tarnove also argues that her conduct cannot be the proximate cause of Plaintiff's injury when testimony of Plaintiff's expert establishes that changes to the HUD-1 Statement were not effective until ratified by Plaintiff.  Id.

---

[2]     This is especially true given that Tarnove prepared an altered version of one of the closing documents for only one of the parties after the closing had allegedly been finalized.

[3]     This argument was advanced by Plaintiff's counsel at the motion hearing on November 4, 2011.

In opposition, Plaintiff states that the Eleventh Circuit rejected Tarnove's argument that she did not proximately cause Plaintiff's damages. Opposition at 6-7. Plaintiff relies on the Eleventh Circuit's statement that "the record shows that Millette did suffer some damage as a result of the alteration of the closing statement. Her construction loan was charged an additional $8,790, when the construction holdback was reduced from $207,210 to $198,420." Opposition at 7 (quoting Eleventh Circuit Mandate at 16).

Although the Court disagrees that the Eleventh Circuit found that Plaintiff had established causation, judgment as a matter of law is inappropriate because the trial record is clear that Tarnove altered the HUD-1 Statement. As Tarnove testified at trial:

> What they requested me to do was to break down the number that was in the construction holdback and said add on, put in construction holdback 198,420 and then add in closing costs from budget 8790. And that is the change that was made which is I faxed up to Webster Bank. But again, that isn't the HUD. That's what they requested that I fax them, which I did.

Trial Transcript [DE 607] at 542:7-13. Tarnove also testified that this document was prepared after closing and she did not know what Webster Bank was going to do with it. Id. at 542:14-18. She admitted that she never told Plaintiff that Webster Bank had requested a revised version of the HUD. Id. at 542:34-543:1. Viewing this evidence in the light most favorable to Plaintiff, a reasonable jury could find that Tarnove proximately caused Plaintiff's injury when she prepared the revised HUD-1 Statement and sent it to Webster Bank without informing Plaintiff or obtaining her consent. Therefore, Tarnove's motion for judgment will be denied on the grounds that Tarnove did not proximately cause Plaintiff's injury.

III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Billie Tarnove's Renewed Rule 50 Motion [DE 649] is **DENIED**. The Court will issue a separate order regarding the re-trial of Plaintiff's breach of fiduciary duty claim at a later date.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of November, 2011.

JAMES I. COHN
United States District Judge

Copies provided to all counsel of record on CM/ECF.