UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60639-CIV-COHN/SELTZER

DOLORES MILLETTE,

    Plaintiff,

vs.

DEK TECHNOLOGIES, INC., et al.,

    Defendants.

_____/

**ORDER DENYING NADEAU GENERAL CONTRACTOR, INC.'S RULE 60(b) MOTION**

**THIS CAUSE** is before the Court on Defendant Nadeau General Contractors, Inc.'s ("Nadeau") Motion for Relief Pursuant to Rule 60(b) And/Or Motion for Determination of Plaintiff's Damages [DE 688] ("Motion"). The Court has carefully reviewed the Motion, Plaintiff's Opposition [DE 692] ("Response"), Nadeau's Reply [DE 693] ("Reply")[1], the record in the case, and is otherwise advised in the premises.

I. BACKGROUND

At trial, Defendant Nadeau identified nonparties Pablo Camus/DEK Technologies, Webster Bank, and Todd Smith/Steve Cummings who were placed on the verdict form for the purpose of apportioning fault. The jury was instructed "not to apportion fault to any person/entity found to have intentionally caused injury to Millette." Court's Instructions to the Jury [DE 472] at 10. The jury fixed Plaintiff's damages at

---

[1] In its Reply, Nadeau states that it believes the issue of the Webster Bank litigation was raised in a hearing prior to trial. Reply at 5. Nadeau adds that it has identified the date it believes this issue was discussed and requested a copy of the transcript from the court reporter. Id. The Court has reviewed the transcript of an October 14, 2009 hearing on a Motion to Sever [DE 701] and finds that this transcript does not bear upon Nadeau's Motion.

$225,000, but apportioned 35% of the fault to Pablo Camus/DEK Technologies, 20% of the fault to Webster Bank, and 35% of the fault to Todd Smith/Steve Cummings. Jury Verdict [DE 471] at 2. On March 8, 2010, Plaintiff appealed. See Notice of Appeal [DE 564].

On appeal, the Eleventh Circuit addressed whether the Court "erred in permitting Nadeau to identify nonparties on the verdict form for the purpose of apportioning fault" under Fla. Stat. § 768.81. Mandate of United State Court of Appeals [DE 653] at 3; Millette v. Tarnove, 435 Fed. Appx. 848, 851 (11th Cir. 2011). The appeals court concluded that the Court improperly allowed the jury to determine whether Pablo Camus/DEK Technologies were intentional tortfeasors. Millette, 435 Fed. Appx. at 852. Instead, the "issue of whether a nonparty committed an intentional tort presents a question of law that must be decided by the court." Id. at 853. The Eleventh Circuit also concluded that, as a preliminary matter, Nadeau had insufficiently plead whether particular non parties were responsible for Millette's damages. Id. at 852. Accordingly, the judgement against Nadeau was vacated and the case remanded to this Court for a new trial on all issues related to apportionment. Id. at 856. In its Mandate, the Eleventh Circuit explicitly stated that it was not disturbing the jury's determination that Plaintiff suffered $225,000 in damages. Id. at 857.

Nadeau has now filed a motion pursuant to Federal Rule of Civil Procedure 60(b) which requests relief from the determination that Plaintiff suffered $225,000 in damages because "circumstances have changed such that it would be inequitable and unjust to allow Plaintiff to claim total damages in the amount of $225,000.00." Motion at 1. Specifically, Nadeau contends that Plaintiff has reached a settlement with former

2

Defendant Webster Bank whereby Plaintiff agreed to deed to Webster Bank the property that is the subject matter of this dispute, and Webster Bank, in turn, agreed to release Plaintiff from any claims regarding repayment of the promissory note they entered.  Id. at 2.  Based on this settlement, Nadeau argues that Plaintiff no longer needs to repair the property or repay the construction loan.  Id. at 3.  Thus, if Plaintiff's damages remain affixed at $225,000, Nadeau contends that Plaintiff will receive a windfall.  Id.  Plaintiff opposes Nadeau's Motion.  Plaintiff states that the mandate rule and the law of the case do not permit this Court to disturb the jury's finding of $225,000 in damages.  Response at 3.  Additionally, Plaintiff argues that Nadeau has not established the necessary exceptional circumstances which warrant relief under Rule 60(b).  Id. at 5.  Finally, Plaintiff contends that Nadeau is not entitled to relief because its argument that Plaintiff would receive a windfall is based on conjecture.  Id. at 7-10.

## II. DISCUSSION

### A. Nadeau is Not Entitled to Relief Pursuant to Rule 60(b) Because There is No Longer a Judgment Against It.

Nadeau moves for relief pursuant to Federal Rule of Civil Procedure 60(b)(5) and 60(b)(6).  Federal Rule of Civil Procedure 60(b) provides that a party may obtain relief from a final judgment, order or proceeding if "(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  "Rule 60(b) is to be given a liberal and remedial construction.  It is equally true, however, that [t]he well-recognized rule ... precludes the

3

use of a Rule 60(b) motion as a substitute for a proper and timely appeal." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir.1993) (internal citations and quotations omitted). "Relief under Rule 60(b)(5) due to inequity is limited to judgments that have prospective effect, as compared to those that offer a present remedy for a past wrong. Rease v. AT&T Corp., 358 Fed. Appx. 73, 76 (11th Cir. 2009) (quoting Cook v. Birmingham News, 618 F.2d 1149, 1152 (5th Cir.1980))[2]. The Eleventh Circuit also cautions that relief under Rule 60(b)(6), the catchall provision, "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Cavaliere, 996 F.2d at 1115 (internal citations and quotations omitted). Rule 60(b)(6) applies only to cases that do not fall within any other provision of Rule 60(b). Rease, 358 Fed. Appx. at 76.

Here, Plaintiff argues that Nadeau is not entitled to relief under either subsection of Rule 60(b) because there is no final judgment to seek relief from. Response at 5.[3] The Court agrees. The Eleventh Circuit vacated the judgment against Nadeau "to the

---

[2] The decisions of the former United States Court of Appeals for the Fifth Circuit decided before September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[3] Plaintiff also argues that Rule 60(b)(5) cannot apply because the purported judgment does not have a "prospective effect." Response at 5. However, at least one binding Fifth Circuit case suggests that when a damages award has not yet been paid, there is a prospective judgment and relief under Rule 60(b) may be available. See Bros. Inc. v. W. E. Grace Mfg. Co., 320 F.2d 594, 610 (5th Cir. 1963) ("While this award of damages sounds in the past, rather than the future, no judgment has yet been paid, and in practical effect we are dealing with the prospective application of the judgment, not the unscrambling of the past. Relief may be available for this.") Because the Court concludes that it is unable to grant Nadeau relief for other reasons, the Court need not address the specific issue of whether there is a prospective judgment.

4

extent it apportioned fault." Millette, 435 Fed. Appx. at 846.  The Final Judgment the Court entered against Nadeau was for $11,250.00, which represented five percent of Plaintiff's total damages based on the jury's allocation of fault to Nadeau.  See Final Judgment [DE 483].  Thus because the judgment against Nadeau has been vacated, the $225,000 damage figure is not a final judgment from which Nadeau may seek relief.

### B. The Mandate Rule Precludes Disturbing The Jury's Finding of Damages.

Plaintiff also argues that under the law of the case doctrine and the mandate rule, this Court lacks authority to reopen the issue of Plaintiff's damages.  Response at 2-5.  The law of the case doctrine and the mandate rule "ban courts from revisiting matters decided expressly or by necessary implication in an earlier appeal of the same case."  AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc., 579 F.3d 1268, 1270-71 (11th Cir. 2009).  The mandate rule is "an application of the law of the case doctrine to a specific set of facts."  Moulds v. Bullard, No. 10-14866, 2011 WL 4840733, at *1 (11th Cir. Oct. 13, 2011) (quoting United States v. Amedeo, 487 F.3d 823, 830 (11th Cir. 2007)).  If a party fails to raise an issue on appeal, it has waived this issue and may not raise it on remand.  Tronzo v. Biomet, Inc., 236 F.3d 1342, 1348 (11th Cir. 2001) (holding that a belated attack on punitive damages award was foreclosed by the appellate mandate where the party had failed to challenge amount of punitive damages on appeal).

The Eleventh Circuit, however, has recognized certain narrow exceptions to the mandate rule where : "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that

issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Moulds, 2011 WL 4840733, at *2 (quoting Joshi v. Fla. State Univ. Health Ctr., 763 F.2d 1227, 1231 (11th Cir. 1985)).  "If the circumstances after remand do not fall into one of the exceptions, . . . then the district court is constrained to follow the mandate issued by the appellate court." Litman v. Mass. Mut. Life Ins. Co., 825 F.2d 1506, 1516 (11th Cir. 1987).

Here, the record reflects that Nadeau never appealed the jury's computation of damages.  On the contrary, the Eleventh Circuit stated that it was not disturbing the jury's determination that Plaintiff had suffered $225,000 in damages. Millette, 435 Fed. Appx. at 857.  The Eleventh Circuit also rejected Millette's challenge to the Court's jury instructions regarding damages, observing that "any issue in the court's jury instructions regarding a contractual measure of damages was harmless.  In addition to providing an instruction on a contractual measure of damages, the court also instructed the jury that it could award damages in 'the amount you find to be justified by a preponderance of the evidence as full, just reasonable compensation for all of Millette's damages.'" Millette, 435 Fed. Appx. at 851 n.1.  Plaintiff thus argues that Nadeau has waived the right to seek any relief from the damages figure. Response at 3.

The Court agrees that the mandate rule prohibits the Court from reexamining Plaintiff's damages.  Although Nadeau argues in reply that "[t]he appellate court was not asked to consider any error with regard to the amount of the damage award," the fact remains that Nadeau could have challenged damages on appeal. See Reply at

2.  As Plaintiff points out, Nadeau "could have, but did not, maintain an argument that the verdict was speculative" on appeal.  See Response at 4.  Accordingly, Nadeau waived its right to contest the amount of Plaintiff's damages and this Court cannot grant Nadeau relief unless the circumstances fall within one of the three, narrow exceptions to the mandate rule.  See Tronzo, 236 F.3d at 1348.  As there has not yet been a new trial and Nadeau has not pointed to any change in controlling authority, the only exception to the mandate rule that could possibly apply here is that the prior decision was clearly erroneous and would work manifest injustice.  Plaintiff argues that this exception cannot apply because the Eleventh Circuit mandate only permits a new trial on the limited issue of apportionment of damages.  Response at 4.  The Court finds that Nadeau has failed to make this requisite showing.

In Tronzo v. Biomet, Inc., a case where the ratio of the punitive damages to compensatory damages was reduced from 2.8 to 1 at the original trial to 38,000 to 1 on remand, the Eleventh Circuit held there was not such a drastic change of circumstances which warranted a reduction in the amount of punitive damages.  236 F.3d at 1350.  In reaching this result, the appellate court explicitly noted that the defendant could have but chose not to appeal the amount of punitive damages.  Id. at 1349.  Similarly, in Fresenius USA, Inc. v. Baxter International, Inc., the plaintiffs filed a motion for a new trial on damages after the Federal Circuit reversed a grant of judgment as a matter of law on two patents, vacated an injunction, and remanded the case to the district court for the sole purpose of revising or reconsidering the injunction.  No. C 03-1431 PJH, 2011 WL 2160609, at *2 (N.D. Cal. May 26, 2011).

The defendant argued to the district court that it was entitled to a new trial on damages because the jury's damages verdict was general and did not specify damages on a claim-by-claim or patent-by basis. Id. The court held that, pursuant to the mandate rule, the defendant was not entitled to a new trial because the Federal Circuit did not vacate or remand for a new trial on damages. Id.

The damages instruction the Court provided to the jury included multiple measures of Plaintiff's damages. Specifically, the jury was instructed that:

> Ordinarily, the damages to be recovered will be the cost of repairing or completing the work so that it meets the terms of the contract or specifications to by the buyer and builder.
>
> However, if a defect cannot be repaired at a cost that is reasonably proportionate to the benefit obtained, or if correcting the defective work would entail an unreasonable destruction of the contractor's work, then the damages shall be measured not by the cost of remedying the defect but by the difference between the value of the work as it is and what it would be worth if it had been built in conformity with the plans and specifications.

Court's Instructions to the Jury at 11. Additionally, the jury was informed of Webster Bank's lawsuit against Plaintiff and instructed that "[i]f you find from a preponderance of the evidence that this [Webster Bank] lawsuit was the proximate result of the negligence of Nadeau, you should award Millette that amount of damages caused by the acceleration of the maturity of the loan that is the difference between the cost of paying off the loan at the earlier (accelerated) date as opposed to paying the loan pursuant to the terms of the note with Webster Bank." Id. at 12. Finally, as the Eleventh Circuit pointed out, the jury instructions contained a general proviso that "[i]f the evidence proves negligence on the part of Nadeau that was a legal cause of damage to Millette, you should award Millette an amount of money that will fairly and

adequately compensate Millette for such damage." Id. at 11.

Nadeau argues that based on Plaintiff's settlement with Webster Bank, it would be inequitable to allow her damages to remain at $225,000 because Plaintiff no longer has to repair her home or repay the note. Motion at 4. Nadeau's argument that Plaintiff will receive a windfall ignores the fact that Plaintiff did not receive what she bargained for. Plaintiff sustained damages regardless of whether she still owns the property. Indeed, if Plaintiff had received a property that complied with the terms of the contract or met the buyer and builder's specifications, she could have sold the property to someone else or been in a different bargaining position with Webster Bank. Thus, the Court does not believe that this case presents the extraordinary circumstances necessary to merit a deviation from the Eleventh Circuit's mandate that Plaintiff's damages remain fixed at $225,000.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Nadeau General Contractors, Inc.'s Motion for Relief Pursuant to Rule 60(b) And/Or Motion for Determination of Plaintiff's Damages [DE 688] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of March, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.