UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60639-CV-COHN/SELTZER

DOLORES MILLETTE,

    Plaintiff,

vs.

DEK TECHNOLOGIES, INC., et al.,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT BILLIE TARNOVE'S MOTION FOR COSTS AND ATTORNEYS' FEES

**THIS CAUSE** is before the Court on Defendant Tarnove's Motion for Costs and Attorney's Fees [DE 773] ("Motion"). The Court has carefully reviewed the Motion, Plaintiff's Response [DE 780], Defendant Tarnove's Reply [DE 783][1] ("Reply"), and is otherwise fully advised in the premises.

### I. BACKGROUND

During a seven day jury trial in November 2009, Plaintiff Dolores Millette ("Plaintiff") alleged that her closing agent, Billie Tarnove ("Tarnove"), had breached a fiduciary duty owed to Plaintiff when she (1) failed to provide her with a title report and (2) altered the HUD-1 Settlement Statement ("HUD-1 Statement") without her consent. After the close of Plaintiff's case, the Court granted Tarnove's Rule 50(a) motion for judgment on Plaintiff's claim for breach of fiduciary duty. See DE 480. After the trial, Tarnove moved for attorney's fees and costs pursuant to an Offer of Judgment made under the authority of § 768.79, Fla. Stat. and Fla. R. Civ. P. 1.442. See DE 485. The Court granted in part and denied in part the motion, entering a final judgment of

---

[1] Tarnove's Reply also appears at DE 782.

$120,222.00 in fees and expenses in favor of Tarnove and against the Plaintiff. See DE 542, 543.

Plaintiff appealed both the Court's Rule 50 ruling and the attorney's fees award to the Eleventh Circuit Court of Appeals. See Amended Notice of Appeal [DE 568]. The Eleventh Circuit affirmed the Court's finding that Plaintiff had failed to establish damages on her breach of fiduciary duty claim related to Tarnove's failure to provide Plaintiff with a title report. Eleventh Circuit Mandate [DE 653] ("Mandate") at 16. However, the Appellate Court found that Tarnove had established damages related to Tarnove's alteration of the HUD-1 Statement. Id. Specifically, the Eleventh Circuit found that a brokerage commission of $8,790 charged against Plaintiff's construction loan was damage she sustained. Id. The Eleventh Circuit remanded the breach of fiduciary duty claim to this Court for a new trial and vacated the attorney's fee award. Id. at 20.[2]

After denying Tarnove's Renewed Motion for Judgment Pursuant to Rule 50 [DE 664], a two-day jury trial was held on Plaintiff's breach of fiduciary duty claim. The jury came back with a verdict in favor of Tarnove. See Final Judgment in Favor of Tarnove [DE 766]. Tarnove now moves to reinstate the judgment for attorney's fees and costs that the Eleventh Circuit vacated, for her fees and costs incurred during Plaintiff's appeal of this matter, and for her fees and costs incurred after the Court's first judgment for attorney's fees and costs, including all fees and costs incurred after the Eleventh Circuit's remand of this matter. Plaintiff opposes the Motion.

---

[2] Because the Eleventh Circuit vacated the Court's ruling on the Rule 50 Motion, it did not reach the issue of whether Tarnove was entitled to attorney's fees pursuant to Fla. Stat. § 768.79. Mandate at 16 n.7.

2

II. DISCUSSION

## A. Attorney's Fees

A district court has discretion to award attorney's fees. See Clark v. Housing Auth. of City of Alma, 971 F.2d 723, 728 (11th Cir. 1992). A "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (quoting Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988)). The applicant's burden includes providing the court with "specific and detailed evidence from which the court can determine the reasonable hourly rate." Id. Fee counsel should maintain records to show the time spent on different claims. Id. Additionally, the applicant should demonstrate "the general subject matter of the time expenditures" with "sufficient particularity so that the district court can assess the time claimed for each activity." Id. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Fla. Stat. § 768.79 provides that:

> [i]n any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover ***reasonable costs and attorney's fees*** incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount

3

> at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.

Fla. Stat. § 768.79 (1) (emphasis added). In the Motion, Defendant Tarnove asserts that she "is entitled to attorney's fees pursuant to an Offer of Judgment made under the authority of § 768.79, Fla. Stat. and Fla. R. Civ. P. 1.442." Motion at 2 ¶ 5. In addition to the $120,222.00 in attorney's fees and costs that this Court previously awarded, Tarnove seeks an additional $126,075.00 of attorney's fees incurred after the first trial and $1,318.53 in costs. Id. at 2 ¶ 6, 3 ¶ 9. Here, Tarnove made an offer of judgment of $2001.00 on March 4, 2009. Offer of Judgment [DE 773-1]. Because Plaintiff ultimately did not recover anything from Tarnove, pursuant to this offer, Tarnove is entitled to reasonable costs and attorney's fees incurred from March 4, 2009.

Millette contends that the fee application must be denied because

> a) the application is deficient and not properly documented, as TARNOVE does not identify the attorney's fees actually incurred by her as she fails to attach her retainer agreement with Mr. Luken nor the actual fee invoices; b) the application for Mr. Luken's time is filed in bad faith and is unreasonable based upon multiple post-remand offers by MILLETTE to resolve this matter by allowing both sides to "walk away"; c) the fee invoices submitted in support of the motion reflect a pattern of "poor billing judgment," overbilling and unnecessary billing by Mr. Luken that TARNOVE, as a practicing attorney herself, would never had incurred and it is unlikely she is actually obligated on; d) Mr. Luken's time entries reflect a pattern of "block billing" that is improper and non-compensable as it prevents the Court from discerning the reasonableness of the entries; e) Mr. Luken's time entries reflect a pattern of "unit billing" that is improper and non-compensable as these do not reflect the time actually spent; and f) [t]he hourly rate sought for Mr. Luken is excessive and not justified given the relatively simple

>   common law claim for breach of fiduciary duty arising from
>   the September 2005 real property closing.

Response at 2.  Plaintiff also contends that the $70,087.50 in attorney's fees Tarnove seeks on a $8,790.00 claim are excessive.  Id.  Finally, Plaintiff states that Tarnove is not entitled to recover attorney's fees associated with the appeal before the Eleventh Circuit because Tarnove was not the prevailing party on that appeal.  Id. at 3.

First, the Court notes that several of Plaintiff's arguments against an award of attorney's fees to Tarnove were already considered and rejected by the Court in the February 11, 2010 Order Granting in Part and Denying in Part Defendant Billie Tarnove's Motion for Costs and Attorneys' Fees [DE 542] ("February 11, 2010 Order").  For example, in Plaintiff's opposition to Tarnove's first motion for attorney's fees, Plaintiff also argued that Tarnove's motion was insufficiently documented because it failed to attach a retainer agreement and Tarnove failed to demonstrate that she was actually obligated to pay Mr. Luken.  February 11, 2010 Order at 2 n.1.  The Court rejected both these arguments.  Id.  Plaintiff has failed to present any grounds which justify reconsideration of these rulings.

Second, Mr. Luken again seeks attorney's fees at the rate of $375 per hour.  Motion at 2 ¶ 7.  The Court previously stated that "[b]ased on Luken's experience and the complexity of the case, the Court finds that $300/hour represents a reasonable fee."  February 11, 2010 Order at 5.  Given that the issues on remand were even more narrow than in the first trial, the Court once again concludes that $300 per hour is a reasonable rate for Mr. Luken's services and will reduce the attorney's fees he seeks accordingly.

Next, Plaintiff argues that the Tarnove's fee application is unreasonable in light of the fact that Plaintiff "*twice* offered to walk away from the new trial on remand." Response at 4. This argument has no merit. If Plaintiff made subsequent settlement offers to Tarnove, after Tarnove's March 4, 2009 Offer, these offers were for settlement purposes only and are not proper for this court to consider.[3]

Plaintiff argues that Tarnove is not entitled to attorney's fees related to appellate work in this case because "TARNOVE did not prevail on appeal." Response at 9. Tarnove relies upon Eleventh Circuit Rule 39-2 for the proposition that this Court may enter an award of appellate fees. Motion at 2 ¶ 5. Contrary to Tarnove's argument, this rule does not support awarding Tarnove attorney's fees related to the appeal. Eleventh Circuit Rule 39-2(e) actually provides that:

> When a reversal on appeal, in whole or in part, results in a remand to the district court for trial or other further proceedings (e.g., reversal of order granting summary judgment, or denying a new trial), a party who may be ***eligible for attorney's fees on appeal*** after prevailing on the merits upon remand may, in lieu of filing an application for attorney's fees in this court, request attorney's fees for the appeal in a timely application filed with the district court upon disposition of the matter on remand.

11th Cir. R. 39-2(e) (emphasis added). Here, the record is undisputed that Tarnove did not prevail on appeal. See July 22, 2011 Memorandum [DE 780-1] at 23 (noting that "[p]ursuant to Fed. R. App. P. 39, costs on appeal taxed against Billie Tarnove and

---

[3] To the extent that Plaintiff argues that her offer to walk away bears upon the reasonableness of the fees sought, the Court notes that it was Plaintiff who chose to appeal the Court's entry of judgment in favor of Tarnove on Plaintiff's breach of fiduciary duty claim, a claim that the Eleventh Circuit determined presented damages of only $8,790. Having prevailed upon this appeal fully knowing about Tarnove's outstanding offer of judgment, Plaintiff cannot now complain about Tarnove seeking her fees associated with retrying this claim.

6

Nadeau General Contractors, Inc."). Accordingly, the Court agrees that Tarnove is not entitled to the fees detailed at DE 773-2 (20.20 hours) and 773-4 (113.40 hours) because these fees relate solely to the Eleventh Circuit appeal and petition for reconsideration in which Tarnove was a losing party.[4]

Finally, Plaintiff also attacks the reasonableness of the attorney's fees Tarnove seeks. Response at 5. Plaintiff notes that after the case was remanded, Tarnove filed only a renewed Rule 50 Motion and two smaller motions, yet spent over 186 hours after the case was remanded, including 50 hours for trial preparation. Id. Plaintiff argues that this amount of hours is excessive and "reflective of poor billing judgment." Id. The Court agrees. It is apparent from even a cursory glance at the billing records submitted by Mr. Luken, that the attorney's fees he seeks are not reasonable. As Plaintiff points out, Mr. Luken's time records include large amounts of time spent reviewing pleadings related to other Defendants that had no connection to Tarnove's case whatsoever. By way of example only, on January 19, 2012, Mr. Luken billed 1.5 hours to review Defendant Nadeau General Contractors, Inc.'s ("Nadeau") motion for summary judgment. See DE 773-3 at 14. On February 20, 2012, Mr. Luken expended another 1.10 hours to review Plaintiff's opposition to that Motion. Id. at 16. Between March 12, 2012 and March 21, 2012, Mr. Luken spent an additional 2.7 hours reviewing other pleadings regarding Nadeau's rule 60 motion and motion for summary judgment. Id. at 17. Mr. Luken argues that review of pleadings related to Nadeau was necessary "in

---

[4] Tarnove argues that "[t]he offer of judgment statute does not differentiate between fees in trial and on appeal." Reply at 9. Tarnove does not provide any authority to support this position. The offer of judgment statute only allows the Court to award "reasonable costs and attorney's fees." Fla. Stat. § 768.79 (1). The Court finds that it would be unreasonable to award Tarnove fees related to an appeal on which she was unsuccessful.

7

order to communicate to the jury that Tarnove had nothing to do with NADEAU's activities." Reply ay 7.  The Court finds that this purpose could have been achieved, without such time painstaking review of pre-trial disputes between Plaintiff and Nadeau, especially in light of the fact that Mr. Luken had already participated in a full trial where Nadeau had been a party.[5]

"When fee documentation is voluminous, an hour-by-hour review is 'impractical and a waste of judicial resources' and an across-the-board percentage cut is permitted." Ruderman ex rel. Schwartz v. Wash. Nat'l Ins. Corp., 465 Fed. Appx. 880, 882 (11th Cir. 2012) (citing Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994)).  Here, the Court finds that a 30 percent reduction in the fees sought by Mr. Luken is appropriate.  Thus, the fees sought from November 25, 2009 through May 10, 2012, will be reduced from 202.6 hours to 141.82.  At the rate of $300.00 per hour, this entitles Mr. Luken to additional attorney's fees in the amount of $42,546.00.  Additionally, the Court will reinstate its finding that Tarnove is entitled to $119,470 in attorneys' fees for work completed through the first trial, resulting in a total fee award of $162,016.00.

## B. Costs

Tarnove seeks to tax $1,318.53 in costs against Plaintiff.   Motion at 3 ¶ 9.  The Court notes that Plaintiff has not challenged the costs sought by Tarnove.   Federal law allows a prevailing party to recover certain costs from the unsuccessful party. See 28 U.S.C. § 1920.  A court, however, may tax costs only as authorized by statute.

---

[5]   It is apparent that every time there was an opportunity to bill in this case, Mr. Luken took advantage of it.  The Court seriously doubts that if the March 4, 2009 Offer was not outstanding that Mr. Luken would have passed all the attorney's fees he seeks to collect onto his client, Tarnove.

Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).  Under federal law, a prevailing party can tax the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Fla. Stat. §768.79 also provides that a defendant may recover reasonable costs.  Here, the Court notes that Tarnove seeks to tax $76.88 for federal express service related to appellate briefs.  Motion at 3 ¶ 9.  Because Tarnove did not prevail on appeal and the Eleventh Circuit held that all costs of appeal were to be taxed against Tarnove and Nadeau, the Court finds that this cost may not be taxed against Plaintiff.  Accordingly, the Court will reduce the costs Tarnove seeks to tax by $76.88 to $1241.65.  The Court will also reinstate its finding that Tarnove is entitled to tax costs of $752.00 related to work completed through the first trial, resulting in a total costs award of $1993.65.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Tarnove's Motion for Costs and Attorney's Fees [DE 773] is **GRANTED IN PART AND DENIED IN PART**;

2. Defendant Billie Tarnove shall recover from Plaintiff Dolores Millette $162,016.00 in attorney's fees; and

3. Defendant Billie Tarnove shall recover $1993.65 in costs from Plaintiff Dolores Millette.  The Court will enter a separate judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of August, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.